**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-6515**

_____

LARRIANTE SUMBRY,

                                        Petitioner - Appellant,

        versus

CECIL DAVIS,

                                        Respondent - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CA-
04-2595-RDB)

_____

Submitted:  June 9, 2005                Decided:  June 17, 2005

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Larriante Sumbry, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.  See
Local Rule 36(c).

PER CURIAM:

Larriante Sumbry seeks to appeal the district court's order transferring his 28 U.S.C. § 2254 (2000) petition to the United States District Court for the Northern District of Indiana. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 11, 2004. The notice of appeal was filed on March 22, 2005.[*] Because Sumbry failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

DISMISSED